1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  Los Angeles, CA 90071
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX            )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND       )
20 PRODUCTS LIABILITY LITIGATION        )  CASE NO. 3:07-cv-4817-CRB
                                        )
21 This document relates to             )
   DANIEL FARRIER,                      )  **PFIZER INC., PHARMACIA
                                        )  CORPORATION, AND G.D.
22              Plaintiff,              )  SEARLE LLC'S ANSWER TO
                                        )  COMPLAINT**
23         vs.                          )
                                        )  **JURY DEMAND ENDORSED
24 PFIZER, INC., PHARMACIA CORPORATION, )  HEREIN**
   and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
25 CO.),                                )
                                        )
26              Defendants.             )
                                        )
27                                      )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## **PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

## II.

## **ANSWER**

## **Response to Allegations Regarding Parties**

1. Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Oklahoma, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Oklahoma, to be prescribed by healthcare providers

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    6.      Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

4    merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit

5    that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the

6    United States to be prescribed by healthcare providers who are by law authorized to prescribe

7    drugs in accordance with their approval by the FDA.   Defendants deny the remaining

8    allegations in this paragraph of the Complaint.

9    **Response to Allegations Regarding Jurisdiction and Venue**

10    7.      Defendants are without knowledge or information to form a belief as to the truth of the

11    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

12    therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

13    in controversy exceeds $75,000, exclusive of interests and costs.

14    8.      Defendants are without knowledge or information to form a belief as to the truth of the

15    allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

16    in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

17    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

18    interests and costs.

19    9.      Defendants are without knowledge or information to form a belief as to the allegations

20    in this paragraph of the Complaint regarding the judicial district in which the asserted claims

21    allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

22    and effective when used in accordance with its FDA-approved prescribing information.

23    Defendants deny committing a tort in the States of California and Oklahoma, and deny the

24    remaining allegations in this paragraph of the Complaint.

25    10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

27    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

28    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

2  Celebrex® in the United States to be prescribed by healthcare providers who are by law

3  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

4  that Pfizer, Pharmacia, and Searle are registered to and do business in the State of California.

5  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors

6  in interest" are vague and ambiguous.  Defendants are without knowledge or information

7  sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

8  Defendants deny committing a tort in the States of California and Oklahoma, and deny the

9  remaining allegations in this paragraph of the Complaint.

10  **Response to Allegations Regarding Interdistrict Assignment**

11  11.  Defendants state that this paragraph of the Complaint contains legal contentions to

12  which no response is required.  To the extent that a response is deemed required, Defendants

13  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

14  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

15  Panel on Multidistrict Litigation on September 6, 2005.

16  **Response to Factual Allegations**

17  12.  Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  13.  Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

23  condition and whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants

24  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

25  approved prescribing information.  Defendants state that the potential effects of Celebrex®

26  were and are adequately described in its FDA-approved prescribing information, which was at

27  all times adequate and comported with applicable standards of care and law.  Defendants deny

28  the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.   Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information.  Defendants

3  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

4  the remaining allegations in this paragraph of the Complaint.

5  19.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  20.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

19  the remaining allegations in this paragraph of the Complaint.

20  21.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.

27  22.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

4  and deny the remaining allegations in this paragraph of the Complaint.

5  23.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

6  damage, and deny the remaining allegations in this paragraph of the Complaint.

7  24.     Defendants state that the allegations in this paragraph of the Complaint regarding

8  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

9  response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

10  referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Plaintiff does not

11  allege having used Bextra® in the Complaint.  Nevertheless, Defendants state that, as stated in

12  the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to

13  inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-

14  2)."  Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® are

15  not directed toward Defendants, and therefore no response is required.  To the extent that a

16  response is deemed required, Plaintiff fails to provide the proper context for the allegations in

17  this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient

18  information or knowledge to form a belief as to the truth of such allegations and, therefore,

19  deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff

20  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

21  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  25.     Defendants state that the allegations in this paragraph of the Complaint are not directed

23  towards Defendants and, therefore, no response is required.  To the extent that a response is

24  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

25  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

26  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27  26.     Defendants state that the allegations in this paragraph of the Complaint are not directed

28  towards Defendants and, therefore, no response is required.  To the extent that a response is

1    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

2    allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

3    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

4    27.    Defendants state that the allegations in this paragraph of the Complaint are not directed

5    towards Defendants and, therefore, no response is required. To the extent that a response is

6    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

7    allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

8    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

9    28.    Defendants state that the allegations in this paragraph of the Complaint are not directed

10   towards Defendants and, therefore, no response is required. To the extent that a response is

11   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

12   allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information

13   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

14   29.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

15   pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

16   required. To the extent a response is deemed required, Defendants state that, as stated in the

17   FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

18   be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

19   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

20   cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the

21   remaining allegations in this paragraph and Defendants therefore lack sufficient information or

22   knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

23   allegations in this paragraph of the Complaint.

24   30.    Defendants state that the allegations in this paragraph of the Complaint regarding

25   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

26   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

27   the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

28   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

2   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants

3   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

4   approved prescribing information. Defendants state that the potential effects of Celebrex®

5   were and are adequately described in its FDA-approved prescribing information, which was at

6   all times adequate and comported with applicable standards of care and law. Defendants deny

7   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

8   31.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

9   Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

10  approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

11  osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

12  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

13  reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

14  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants state

15  that allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

16  directed toward Defendants, and therefore no response is required. To the extent that a

17  response is deemed required, Plaintiff fails to provide the proper context for the allegations in

18  this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack

19  sufficient information or knowledge to form a belief as to the truth of such allegations and,

20  therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the

21  Complaint.

22  32.    Plaintiff does not allege having used Bextra® in the Complaint. Nevertheless,

23  Defendants state that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of

24  action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition

25  of cyclooxygenase-2 (COX-2)." Defendants admit, as indicated in the package insert approved

26  by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of

27  osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

28  dysmenorrhea. Defendants admit that the New Drug Application for Bextra® was filed with

the FDA on January 15, 2001. Defendants state that Plaintiff's allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    35.    Defendants deny the allegations in this paragraph of the Complaint.

2    36.    Defendants state that Celebrex® is a prescription medication which is approved by the

3    FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2)

4    for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of

5    acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

6    adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

7    care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

8    spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

9    patients two years of age and older.    Defendants admit that Celebrex® is in a class of drugs that

10   are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").

11   Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism

12   of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via

13   inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex

14   does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."    Plaintiff fails to provide the

15   proper context for the remaining allegations in this paragraph of the Complaint.    Defendants

16   therefore lack knowledge or information sufficient to form a belief as to the truth of such

17   allegations and, therefore, deny the same.

18   37.    Defendants state that the allegations in this paragraph of the Complaint are not directed

19   towards Defendants and, therefore, no response is required.    To the extent that a response is

20   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

21   allegations in this paragraph of the Complaint.    Defendants therefore lack knowledge or

22   information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

23   same.

24   38.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

26   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

27   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

28   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding "pharmaceutical researchers, scientists, and companies." Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the Celebrex® label speaks for itself and respectfully refer the Court to the Celebrex® label for its actual language and text. Any attempt to characterize the Celebrex® label is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that the referenced article and website speaks for themselves and respectfully refer the Court to the article and website for their actual language and text. Any attempt to characterize the article and website is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

41.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

42.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

43.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

44.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

45.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

46.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

47.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is

deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

48. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

49. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

50. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

51. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

52. Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  53.    Defendants state that the allegations in this paragraph of the Complaint are not directed

2  towards Defendants and, therefore, no response is required.  To the extent that a response is

3  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

4  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

5  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

6  54.    Plaintiff does not allege having used Bextra® in this Complaint.    Nevertheless,

7  Defendants state that Bextra® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.    Defendants state that the potential effects of

9  Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

12  the letter for its actual language and text.  Any attempt to characterize the letter is denied.

13  Defendants state that the remaining allegations in this paragraph of the Complaint are not

14  directed towards Defendants and, therefore, no response is required.  To the extent that a

15  response is deemed required, Defendants state that Plaintiff fails to provide the proper context

16  for the remaining allegations in this paragraph of the Complaint.  Defendants therefore lack

17  sufficient information or knowledge to form a belief as to the truth of such allegations and,

18  therefore, deny the same.

19  55.    Defendants state that the allegations in this paragraph of the Complaint are not directed

20  towards Defendants and, therefore, no response is required.  To the extent that a response is

21  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

22  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

23  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24  56.    Defendants state that the allegations in this paragraph of the Complaint are not directed

25  towards Defendants and, therefore, no response is required.  To the extent that a response is

26  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

27  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

28  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

57.     Plaintiff does not allege having used Bextra® in this Complaint.   Nevertheless, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants state that the Bextra® label speaks for itself and respectfully refer the Court to the Bextra® label for its actual language and text.   Any attempt to characterize the Bextra® label is denied. Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.   Defendants deny the remaining allegations regarding Bextra® in this paragraph of the Complaint.   Defendants state that the remaining allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.   To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the remaining allegations in this paragraph of the Complaint.   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

58.     Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.   Defendants deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants state that the Celebrex® label speaks for itself and respectfully refer the Court to the Celebrex® label for its actual language and text.   Any attempt to characterize the Celebrex® label is denied.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the

1    potential effects of Celebrex® were and are adequately described in its FDA-approved

2    prescribing information, which was at all times adequate and comported with applicable

3    standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

4    Complaint.

5    60.    Defendants state that the referenced FDA Announcement speaks for itself and

6    respectfully refer the Court to the FDA Announcement for its actual language and text.  Any

7    attempt to characterize the FDA Announcement is denied.  Defendants state that Plaintiff fails

8    to provide the proper context for the allegations in this paragraph of the Complaint regarding

9    "all manufacturers of prescription NSAIDs," and "over-the-counter (OTC) NSAIDs."

10   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

11   such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and

12   deny the remaining allegations in this paragraph of the Complaint.

13   61.    Defendants state that the referenced  FDA Announcement and Medication Guide speak

14   for themselves and respectfully refer the Court to the FDA Announcement and Medication

15   Guide for their actual language and text.  Any attempt to characterize the FDA Announcement

16   is denied.  Defendants state that Plaintiff fails to provide the proper context for the allegations

17   in this paragraph of the Complaint regarding "OTC NSAIDs."  Defendants therefore lack

18   sufficient information or knowledge to form a belief as to the truth of such allegations and,

19   therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

20   Complaint.

21   62.    Defendants state that the allegations in this paragraph of the Complaint are not directed

22   towards Defendants and, therefore, no response is required.  To the extent that a response is

23   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

24   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

25   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26   63.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28   64.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   deny the allegations in this paragraph of the Complaint.

3   65.    Defendants state that this paragraph of the Complaint contains legal contentions to

4   which no response is required.  To the extent that a response is deemed required, Defendants

5   deny the allegations in this paragraph of the Complaint, including all subparts.

6   66.    Defendants state that the potential effects of Celebrex® were and are adequately

7   described in its FDA-approved prescribing information, which was at all times adequate and

8   comported with applicable standards of care and law.  Defendants deny the remaining

9   allegations in this paragraph of the Complaint.

10  67.    Defendants state that this paragraph of the Complaint contains legal contentions to

11  which no response is required.  To the extent that a response is deemed required, Defendants

12  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

13  approved prescribing information.  Defendants state that the potential effects of Celebrex®

14  were and are adequately described in its FDA-approved prescribing information, which was at

15  all times adequate and comported with applicable standards of care and law.  Defendants deny

16  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17  68.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is required.  To the extent that a response is deemed required, Defendants

19  deny the allegations in this paragraph of the Complaint.

20  69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

28  deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.     Defendants state that the Celebrex® label speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants state that the Celebrex® package insert speaks for itself and respectfully refer the Court to the package insert for its actual language and text. Any attempt to characterize the package insert is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants state that the Celebrex® package insert speaks for itself and respectfully refer the Court to the package insert for its actual language and text. Any attempt to characterize the package insert is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and

1   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

2   Celebrex® in the United States to be prescribed by healthcare providers who are by law

3   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

4   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

5   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

6   adequately described in its FDA-approved prescribing information, which was at all times

7   adequate and comported with applicable standards of care and law.  Defendants deny any

8   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

9   79.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11  Celebrex® and, therefore, deny the same.  Defendants admit that, during certain periods of

12  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

13  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

14  with their approval by the FDA.  Defendants admit that, during certain periods of time,

15  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

17  providers who are by law authorized to prescribe drugs in accordance with their approval by the

18  FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  80.     Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   81.   Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   82.   Defendants deny any wrongful conduct and deny the remaining allegations in this

10  paragraph of the Complaint.

11  83.   Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  84.   Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and text.  Any attempt to characterize the article is

19  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

21  this paragraph of the Complaint.

22  85.   Defendants state that the referenced article speaks for itself and respectfully refer the

23  Court to the article for its actual language and text.  Any attempt to characterize the article is

24  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

26  this paragraph of the Complaint.

27  86.   Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

87.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    91.    Defendants state that the referenced Medical Officer Review speaks for itself and

3    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

4    attempt to characterize the Medical Officer Review is denied.  Defendants state that the

5    referenced article speaks for itself and respectfully refer the Court to the article for its actual

6    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

7    remaining allegations in this paragraph of the Complaint.

8    92.    Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   93.    Defendants state that the referenced articles speak for themselves and respectfully refer

13   the Court to the articles for their actual language and text.  Any attempt to characterize the

14   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

15   refer the Court to the study for its actual language and text.  Any attempt to characterize the

16   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17   94.    Defendants state that the referenced Medical Officer Review speaks for itself and

18   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

19   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

20   allegations in this paragraph of the Complaint.

21   95.    Plaintiff fails to provide the proper context for the allegations concerning "Public

22   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

23   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   96.    Defendants state that the referenced study speaks for itself and respectfully refer the

26   Court to the study for its actual language and text.  Any attempt to characterize the study is

27   denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

28   Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    97.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

4    referenced article speaks for itself and respectfully refer the Court to the article for its actual

5    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

6    remaining allegations in this paragraph of the Complaint.

7    98.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

8    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

9    and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

10   Defendants deny the remaining allegations in this paragraph of the Complaint.

11   99.    Defendants state that the referenced Medical Officer Review speaks for itself and

12   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

13   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

14   allegations in this paragraph of the Complaint.

15   100.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide

16   the proper context for the allegations concerning "other Celebrex trials" contained in this

17   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

18   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

19   allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

20   that the referenced study speaks for itself and respectfully refer the Court to the study for its

21   actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

22   remaining allegations in this paragraph of the Complaint.

23   101.    Defendants state that the referenced article speaks for itself and respectfully refer the

24   Court to the article for its actual language and text.  Any attempt to characterize the article is

25   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   102.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

27   Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or

28   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-26-

Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® . Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

108.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny the allegations in this paragraph of the Complaint.

111.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct and deny the allegations contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    113.    Defendants deny any wrongful conduct and deny the allegations contained in this

3    paragraph of the Complaint.

4    114.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations contained in this

9    paragraph of the Complaint.

10    115.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13    effective when used in accordance with its FDA-approved prescribing information.  Defendants

14    state that the potential effects of Celebrex® were and are adequately described in its FDA-

15    approved prescribing information, which was at all times adequate and comported with

16    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17    Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

18    the Complaint.

19    116.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

20    Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

21    that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

22    actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

23    that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

24    referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

25    language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

26    transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

27    respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

28    characterize the transcripts is denied.  Defendants state that the referenced study speaks for

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

2    to characterize the article is denied.    Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    117.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

9    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

10   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

11   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

12   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

13   United States to be prescribed by healthcare providers who are by law authorized to prescribe

14   drugs in accordance with their approval by the FDA.    Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   118.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

21   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

22   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

24   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

25   United States to be prescribed by healthcare providers who are by law authorized to prescribe

26   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

27   prescription medication which is approved by the FDA for the following indications: (1) for

28   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

2   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

3   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

4   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

5   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

6   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which at all times was adequate and comported with applicable standards of care and law.

12  Defendants state that Plaintiff's allegations in this paragraph of the Complaint regarding

13  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

14  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

15  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

16  allegations in this paragraph of the Complaint.

17  120.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26  United States to be prescribed by healthcare providers who are by law authorized to prescribe

27  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

121.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny the allegations in this paragraph of the Complaint.

125.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  127.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

13  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

14  paragraph of the Complaint.

15  128.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Celebrex® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

20  remaining allegations in this paragraph of the Complaint.

21  129.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® are and were adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  130.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

## Response to First Cause of Action: Negligence

132.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

133.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3  effective when used in accordance with its FDA-approved prescribing information.  Defendants

4  state that the potential effects of Celebrex® were and are adequately described in its FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

7  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

8  paragraph of the Complaint.

9  139.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  140.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  141.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  **Response to Second Cause of Action: Strict Liability**

19  142.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20  Complaint as if fully set forth herein.

21  143.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

24  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

25  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

26  with their approval by the FDA.  Defendants admit that, during certain periods of time,

27  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

28  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  providers who are by law authorized to prescribe drugs in accordance with their approval by the

2  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

3  consumers without substantial change from the time of sale.  Defendants deny the remaining

4  allegations in this paragraph of the Complaint.

5  144.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  145.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

15  remaining allegations in this paragraph of the Complaint.

16  146.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Celebrex® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

21  remaining allegations in this paragraph of the Complaint, including all subparts.

22  147.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  state that the potential effects of Celebrex® were and are adequately described in its FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

1    Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

2    remaining allegations in this paragraph of the Complaint.

3    148.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

8    remaining allegations in this paragraph of the Complaint.

9    149.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Celebrex® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16   Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the

17   remaining allegations in this paragraph of the Complaint.

18   150.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   151.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27   effective when used in accordance with its FDA-approved prescribing information.  Defendants

28   state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

152. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

157. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

158. Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

160.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

167.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

168.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

169.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

172.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

173.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

174. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

175. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

176. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

177. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

178. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

179. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

180. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   FDA-approved prescribing information.   Defendants state that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5   the Complaint.

6   181.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint, including all subparts.

12   182.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   183.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

25   Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

26   paragraph of the Complaint.

27   184.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

-44-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4   the Complaint.

5   185.   Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7   Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information. Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  186.   Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information. Defendants

17  state that the potential effects of Celebrex® were and are adequately described in its FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  187.   Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information. Defendants

25  state that the potential effects of Celebrex® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

28  remaining allegations in this paragraph of the Complaint.

188.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

189.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

190.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

192.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    193.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    **Response to Sixth Cause of Action: Unjust Enrichment**

4    194.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    195.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

8    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

10   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

11   Celebrex® in the United States to be prescribed by healthcare providers who are by law

12   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

13   the remaining allegations in this paragraph of the Complaint.

14   196.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

17   paragraph of the Complaint.

18   197.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   198.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Celebrex® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    199.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.  Defendants

6    state that the potential effects of Celebrex® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9    remaining allegations in this paragraph of the Complaint.

10    200.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11    damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Acts**

14    201.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

15    Complaint as if fully set forth herein.

16    202.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18    Celebrex® and, therefore, deny the same.  Defendants state that this paragraph of the Complaint

19    contains legal contentions to which no response is required.  To the extent that a response is

20    deemed required, Defendants admit that they had duties as are imposed by law but deny having

21    breached such duties.  Defendants deny the remaining allegations in this paragraph of the

22    Complaint.

23    203.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25    Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26    effective when used in accordance with its FDA-approved prescribing information.  Defendants

27    state that the potential effects of Celebrex® were and are adequately described in its FDA-

28    approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

204. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

205. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

206. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

207. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

208. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

209. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

210. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

211. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   damage, and deny the remaining allegations in this paragraph of the Complaint.

2   212.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4                    **Response to Prayer for Relief**

5        Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

6   damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

7   Relief," including all subparts.

8                              **III.**

9                        **GENERAL DENIAL**

10       Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

11  Complaint that have not been previously admitted, denied, or explained.

12                             **IV.**

13                    **AFFIRMATIVE DEFENSES**

14       Defendants reserve the right to rely upon any of the following or additional defenses to

15  claims asserted by Plaintiff to the extent that such defenses are supported by information

16  developed through discovery or evidence at trial.  Defendants affirmatively show that:

17                        **First Defense**

18  1.    The Complaint fails to state a claim upon which relief can be granted.

19                       **Second Defense**

20  2.    Celebrex® is a prescription medical product.  The federal government has preempted

21  the field of law applicable to the labeling and warning of prescription medical products.

22  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

23  federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

24  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

25  and violate the Supremacy Clause of the United States Constitution.

26                        **Third Defense**

27  3.    At all relevant times, Defendants provided proper warnings, information, and

28  instructions for the drug in accordance with generally recognized and prevailing standards in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1 | existence at the time.

2 | ### Fourth Defense

3 | 4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

4 | Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

5 | knowledge at the time the drug was manufactured, marketed, and distributed.

6 | ### Fifth Defense

7 | 5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the

8 | applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

9 | ### Sixth Defense

10 | 6.      Plaintiff's action is barred by the statute of repose.

11 | ### Seventh Defense

12 | 7.      Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

13 | negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by

14 | Plaintiff should be diminished accordingly.

15 | ### Eighth Defense

16 | 8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or

17 | omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

18 | part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

19 | liable in any way.

20 | ### Ninth Defense

21 | 9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

22 | intervening causes for which Defendants cannot be liable.

23 | ### Tenth Defense

24 | 10.     Any injuries or expenses incurred by Plaintiff was not caused by Celebrex®, but were

25 | proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

26 | of God.

27 | ### Eleventh Defense

28 | 11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff .

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Oklahoma and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Oklahoma and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages;

(3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff ; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-second Defense**

2    42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

3    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

4    intended, and was distributed with adequate and sufficient warnings.

5

**Forty-third Defense**

6    43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

7    waiver, and/or estoppel.

8

**Forty-fourth Defense**

9    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

10    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

11    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

12    independent of or far removed from Defendants' conduct.

13

**Forty-fifth Defense**

14    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

15    did not proximately cause injuries or damages to Plaintiff.

16

**Forty-sixth Defense**

17    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

18    did not incur any ascertainable loss as a result of Defendants' conduct.

19

**Forty-seventh Defense**

20    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

21    manufacturing, labeling, packaging, and any advertising of the product complied with the

22    applicable codes, standards and regulations established, adopted, promulgated or approved by

23    any applicable regulatory body, including but not limited to the United States, any state, and

24    any agency thereof.

25

**Forty-eighth Defense**

26    48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

27    product labeling contained the information that Plaintiff contends should have been provided.

28

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff .

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.     Plaintiff's misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2                              **Fifty-fifth Defense**

3    55.    Defendants state on information and belief that the Complaint and each purported cause

4    of action contained therein is barred by the statutes of limitations contained in California Code

5    of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

6    as may apply.

7                              **Fifty-sixth Defense**

8    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9    by Plaintiff was proximately caused, in whole or in part, by the negligence or other actionable

10   conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against

11   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

12                             **Fifty-seventh Defense**

13   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

14   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

16   damages is also barred under California Civil Code § 3294(b).

17                             **Fifty-eighth Defense**

18   58.    Oklahoma's judicially-created definitions of manufacturing defect and design defect,

19   and standard for determining whether there has been an actionable failure to warn, are

20   unconstitutional in that, among other things, they are void for vagueness and an undue burden

21   on interstate commerce, as well as an impermissible effort to regulate in an area that previously

22   has been preempted by the federal government.

23                             **Fifty-ninth Defense**

24   59.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

25   Defendants, no act or omission was in reckless disregard for the rights of others, committed

26   intentionally and with malice toward others in conduct life-threatening to humans, under Okla.

27   Stat. tit. 23 § 9.1, and therefore, any award of punitive damages is barred.  Any claim for

28   punitive damages is also barred under Okla. Stat. tit. 23 § 9.1 and the Oklahoma State

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Constitution.

2                              **Sixtieth Defense**

3    60.    Defendants reserve the right to supplement their assertion of defenses as they continue

4    with their factual investigation of Plaintiff's claims.

5                                      **V.**

6                                   **PRAYER**

7    WHEREFORE, Defendants pray for judgment as follows:

8    1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

9    2.    That the Complaint be dismissed;

10   3.    That Defendants be awarded their costs for this lawsuit;

11   4.    That the trier of fact determine what percentage of the combined fault or other liability

12         of all persons whose fault or other liability proximately caused Plaintiff's alleged

13         injuries, losses, or damages is attributable to each person;

14   5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

15         than an amount which equals their proportionate share, if any, of the total fault or other

16         liability which proximately caused Plaintiff's injuries and damages; and

17   6.    That Defendants have such other and further relief as the Court deems appropriate.

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-4817-CRB

1    January 14, 2008                          GORDON & REES LLP

2

3                                              By: :_____/s/_____
4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
                                                   Embarcadero Center West
5                                                  275 Battery Street, 20th Floor
                                                   San Francisco, CA 94111
6                                                  Telephone:  (415) 986-5900
                                                   Fax:  (415) 986-8054
7

8    January 14, 2008                          TUCKER ELLIS & WEST LLP

9

10                                             By: :_____/s/_____
                                                   Michael C. Zellers
11                                                 michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
12                                                 Los Angeles, CA 90071
                                                   Telephone:  (213) 430-3400
13                                                 Fax:  (213) 430-3409

14                                                 Attorneys for Defendants
                                                   PFIZER INC., PHARMACIA
15                                                 CORPORATION, and G.D. SEARLE
                                                   LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**JURY DEMAND**

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3     trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4     Procedure.

5     January 14, 2008                                    GORDON & REES LLP

6

7                                                        By: :_____/s/_____

8                                                           Stuart M. Gordon
                                                           sgordon@gordonrees.com

9                                                          Embarcadero Center West
                                                           275 Battery Street, 20th Floor

10                                                         San Francisco, CA 94111
                                                           Telephone: (415) 986-5900

11                                                         Fax: (415) 986-8054

12    January 14, 2008                                   TUCKER ELLIS & WEST LLP

13

14                                                       By::_____/s/_____

15                                                          Michael C. Zellers
                                                           michael.zellers@tuckerellis.com

16                                                         515 South Flower Street, Suite 4200
                                                           Los Angeles, CA 90071

17                                                         Telephone: (213) 430-3400
                                                           Fax: (213) 430-3409

18                                                       Attorneys for Defendants

19                                                       PFIZER INC., PHARMACIA
                                                         CORPORATION, and G.D. SEARLE

20                                                       LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-4817-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111